FILED

DEC 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Eric Rodney Hill, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  08 2241 |
| | ) |
| District of Columbia, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

The plaintiff has filed a civil lawsuit for damages and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

In essence, plaintiff's complaint attacks the legality of his conviction entered by the Superior Court for the District of Columbia by stating, without any supporting explanation or facts, that the prosecutors violated his rights and obtained an illegal indictment. Plaintiff alleges constitutional violations and sues for two million dollars in damages.

Plaintiff's claim for damages is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the plaintiff alleged that prosecutors and police investigators involved in his criminal prosecution had engaged in unlawful conduct that led to his arrest and conviction. 512 U.S. at 479. The Supreme Court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.* at 486. Accordingly, "in order to recover

(N)

3

damages from allegedly unconstitutional conviction or imprisonment, or for other harm caused

by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such a determination, or

called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

*Id.* at 486-87.  Accordingly, "the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence

has already been invalidated." *Id.* at 487.  Here, the premise of plaintiff's complaint is that the

wrongs he would prove in this damages suit would render his conviction invalid.  The plaintiff

has not demonstrated that his conviction or sentence has already been invalidated.  Therefore,

under the rule in *Heck v. Humphrey,* this civil rights action for damages must be dismissed.

Even if this complaint were construed as a habeas petition, it would have to be dismissed

for lack of jurisdiction.  Collateral challenges to sentences imposed by the Superior Court must

be brought in that court under D.C. Code § 23-110.  *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042

(D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges).  Unlike other prisoners

convicted in state courts or those convicted in a United States District Court, "District of

Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or

Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the

legality of his detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal

footnote and quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir.

1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia

prisoner faces a hurdle that a federal prisoner does not.")

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick*, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay*, 794 F.2d at 726 (*quoting Swain v. Pressley*, 430 U.S.372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. *See id.* at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Lacking jurisdiction to entertain this complaint, the Court will dismiss the case by separate Order issued contemporaneously with this Memorandum Opinion.

Date: 12/9/08

_____
United States District Judge

3